1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES D. NIVETTE,

11              Petitioner,              No. CIV S-07-0759 LKK DAD P

12      vs.

13   JAMES A. YATES, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed an amended petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 7, 2007, the undersigned ordered

18   respondent to respond to the petition.  On August 2, 2007, respondent filed a motion to dismiss

19   on the ground that petitioner filed his petition beyond the one-year statute of limitations

20   contained in 28 U.S.C. § 2244(d).  On August 22, 2007, petitioner filed a timely opposition to

21   respondent's motion to dismiss.  On November 5, 2007, respondent filed a timely reply.

22                              **BACKGROUND**

23          On August 25, 2003, petitioner pled guilty to second degree murder with use of a

24   firearm in the Sacramento County Superior Court.  (Am. Pet. at 1; Docs. Lodged by Resp't Aug.

25   2, 2007, Docs. 1 & 3.)  On September 22, 2003, the court entered judgment and sentenced

26   /////

                                            1

1  petitioner to eighteen years to life in state prison.  (Lodged Docs. 1 & 3; Am. Pet. at 1.)

2  Petitioner did not appeal from the judgment of conviction.  (Am. Pet. at 1; Lodged Doc. 3.)

3          Petitioner subsequently filed two state habeas petitions challenging his conviction.

4  On December 9, 2004, petitioner filed a petition for writ of habeas corpus in the Sacramento

5  County Superior Court.  (Lodged Doc. 2.)  On January 4, 2005, the Superior Court denied the

6  petition because it was found to be untimely and without merit.  (Id., Doc. 3.)  On July 8, 2005,

7  petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Id., Doc.

8  4.)  On June 14, 2005, the California Supreme Court summarily denied that petition.  (Id., Doc.

9  5.)  Petitioner filed his habeas petition in this court on April 20, 2007.

10                     **RESPONDENT'S MOTION TO DISMISS**

11          Respondent has filed a motion to dismiss on the grounds that petitioner's habeas

12  petition is time-barred under AEDPA.  Respondent argues that petitioner filed the instant petition

13  beyond the applicable one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).

14  (Resp't's Mot. to Dismiss at 2-4.)  Accordingly, respondent contends that the court should

15  dismiss this action with prejudice.  (Id. at 4.)

16          Respondent argues that petitioner did not appeal from the judgment of conviction

17  entered in state court on September 22, 2003.  (Resp't's Mot. to Dismiss at 2.)  Accordingly,

18  respondent contends that petitioner's judgment of conviction became "final" within the meaning

19  of 28 U.S.C. § 2244(d)(1)(A) on November 21, 2003, when the sixty-day period to appeal

20  provided under Rule 8.308 of the California  Rules of Court expired.  (Resp't's Mot. to Dismiss

21  at 2.)  Respondent argues that the one-year limitations period for the filing of a federal petition

22  began running the following day, on November 22, 2003 and that the last day for petitioner to file

23  a federal habeas petition was therefore November 21, 2004, absent any tolling of the statute of

24  limitations.  (Id. at 3.)

25          Respondent acknowledges that the proper filing of a state post-conviction

26  application with respect to the challenged conviction tolls the AEDPA limitations period.

1  (Resp't's Mot. to Dismiss at 3.)  However, respondent argues that petitioner did not file any post-

2  conviction collateral challenges before the limitations period expired.  (Id.)  Respondent notes

3  that petitioner's earliest collateral challenge contains a proof of service dated November 30,

4  2004, and was filed on December 9, 2004.  (Id.; Lodged Doc. 2.)  Respondent argues that the

5  filing of a state collateral action after expiration of the limitations period does not restart the

6  clock or otherwise save an expired claim from being time-barred.  (Resp't's Mot. to Dismiss at

7  3.)  Accordingly, respondent contends that petitioner's two state habeas petitions cannot result in

8  the tolling of the statute of limitations because they were both filed after the expiration of the

9  limitations period.  (Id.)

10         Moreover, respondent argues, the Sacramento County Superior Court found

11  petitioner's first petition untimely.  As such, that the petition cannot be considered "properly

12  filed" so as to provide for tolling under 28 U.S.C. § 2244(d)(2).  (Resp't's Mot. to Dismiss at 3)

13  (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005)).  Respondent also notes that the California

14  Supreme Court summarily denied petitioner's second petition.  (Id.; Lodged Doc. 5.)

15  Accordingly, respondent contends, it must be presumed that the California Supreme Court

16  adopted the reasoned opinion of the Superior Court that petitioner's application for state habeas

17  relief was procedurally deficient.  (Resp't's Mot. to Dismiss at 4) (citing Y1st v. Nunnemaker,

18  501 U.S. 797, 803-806 (1991)).  Respondent argues that only a "properly filed" application for

19  state post-conviction review can toll the federal limitations period and that no tolling resulted

20  from the pendency of petitioner's first and second state habeas petitions.  (Id. at 4.)

21         Respondent concludes that because the petition is time-barred, the court should

22  dismiss it with prejudice.  (Resp't's Mot. to Dismiss at 4.)

23                              **PETITIONER'S OPPOSITION**

24         In opposition, petitioner argues that the instant petition is timely based on the

25  extraordinary circumstances he faced.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1, 8.)

26  Although petitioner's submission is confusing, it appears he is arguing that any delay in filing his

                                          3

1    federal petition was justified.  In this regard, petitioner offers several explanations for his delay in

2    filing, including the time he took after his conviction to unsuccessfully submit notices of appeal

3    in state court, his trial counsel's ill advice regarding a direct appeal, and his own alleged mental

4    deficiencies.  In addition, petitioner argues that the state courts addressed his habeas claims on

5    the merits, vitiating any finding that his first state habeas petition was untimely.  Petitioner also

6    argues that he can show cause and prejudice for any procedural default.  Finally, petitioner

7    apparently contends that he is entitled to equitable tolling as well as statutory tolling under §

8    2244(d)(1)(D).

9           As noted, petitioner first explains that delay occurred because he filed a number of

10   improper notices of appeal in the Sacramento County Superior Court.  (Pet'r's Opp'n to Resp't's

11   Mot. to Dismiss at 8.)  Specifically, petitioner contends that on December 14, 2003 he attempted

12   to file a notice of appeal in the superior court and a "Motion for Extension of Filing Date for

13   Appeal of Plea Bargain to 3/31/04."  (Id.)  In the motion, petitioner alleged that he was unable to

14   timely file his appeal due to prison lockdown conditions, which prohibited him from purchasing

15   postage and utilizing the indigent inmate mail system.  (Id.)  Petitioner also contends that on

16   December 10, 2003, he attempted to file another action in the Superior Court by filing a

17   document entitled "Additional Material for Appeal of Plea Bargain in Case #97F-09798."  (Id. at

18   9.)  Petitioner contends that his filing of these documents is evidence that he was not

19   psychologically stable at the time.  (Id.)  Petitioner argues that his lack of awareness of appellate

20   procedure and mental incompetency is revealed by his futile attempts to file a constructive notice

21   of appeal with the California Court of Appeal, which was returned to him.  (Id.)  Petitioner

22   contends that it was not until he filed his first state habeas petition that he began to regain

23   sufficient mental faculties to prepare and file the instant petition.  (Id. at 9-10.)

24           Petitioner argues that his ability to file a timely notice of appeal was also impeded

25   by his counsel, who allegedly advised him in a January 16, 2004 letter that his chances of

26   withdrawing from his plea bargain were poor.  (Id. at 10.)  Petitioner claims that his counsel also

4

1   told him that the district attorney would not return petitioner's personal property unless petitioner

2   dropped his pursuit of the appeal.  (Id.)  As a result, petitioner contends he lost interest in

3   pursuing an appeal of his conviction.  (Id.)  Petitioner also complains  that his guilty plea was

4   induced by his counsel's misrepresentations to him that no additional fines would be imposed,

5   that all mitigating circumstances would be presented in court at his sentencing hearing, and that

6   "life" prisoners are, in fact, released.  (Id.)  Petitioner concludes that the cumulative effect of his

7   diminished mental state, coupled with his counsel's unsound advice and coercion, resulted in

8   petitioner missing the deadline to file a timely appeal of his conviction in state court.  (Id.)

9           Next, petitioner argues that the Sacramento County Superior Court erred in

10  denying his first state habeas petition as untimely because he had adequately explained the

11  circumstances surrounding his delay.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 10.)  Again,

12  petitioner argues that because the Superior Court proceeded to reach the merits of his claims, any

13  finding that his first petition was untimely has been vitiated.  (Id. at 2, 10.)  In addition, petitioner

14  argues that most defendants are granted fifteen months from the date of the decision in the state's

15  highest court to file their federal petition, while here respondent is attempting to apply a one-year

16  limitations period that is unfair.  (Id. at 2.)

17          Petitioner also argues that a claim that has been defaulted in state court may still

18  be considered in federal court if the petitioner can show either (1) "cause" and "prejudice" with

19  respect to his defaulted claims or (2) that a constitutional error has probably resulted in the

20  conviction of one who is actually innocent.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 11.)

21  Petitioner contends that the "cause" and "prejudice" standard is satisfied here by the

22  circumstances surrounding his mental illness and incompetency.  (Id.)  Petitioner concludes that,

23  if this court determines that petitioner was provided with ineffective assistance of counsel, then

24  petitioner has established cause and prejudice.  (Id. at 12.)

25          Petitioner also contends that "[i]f the last state court to be presented with a federal

26  claim reaches the merits, it removes any bar to federal court review that might otherwise have

1   been available." (Id. at 11) (citing Y1st v. Nunnemaker, 501 U.S. 797, 801 (1991)).  Petitioner

2   notes that to be enforced the state court must have actually relied on the procedural bar as an

3   independent basis for its decision in a case and the state procedural bar must be strictly or

4   regularly followed and consistently applied.  (Id. at 12.)

5            Finally, petitioner argues that equitable tolling is appropriate in his case.  (Pet'r's

6   Opp'n to Resp't's Mot. to Dismiss at 13.)  Petitioner contends that the commencement of the

7   limitations period should be delayed beyond the finality of the judgment because his claims are

8   based on newly discovered factual predicates that were not previously known to him and which

9   were not discoverable earlier through exercise of due diligence.  (Id.)  Petitioner contends that,

10  under AEDPA, the one-year limitations period begins to run on the date on which the factual

11  predicate of the claim presented was discovered or could have been discovered.  (Id.)  While

12  petitioner acknowledges that equitable tolling is only available if he has demonstrated that

13  extraordinary circumstances beyond his control made it impossible to timely file his petition, he

14  claims that he has met this burden.  (Id. at 15-16.)

15                          **RESPONDENT'S REPLY**

16           In reply, respondent notes that petitioner does not dispute that he was convicted

17  on September 22, 2003, and that he did not file a timely appeal from that conviction.  (Resp't's

18  Reply at 2.)  Nor does petitioner refute that he filed two state post-conviction actions.  The first

19  was filed on December 9, 2004, in Sacramento County Superior Court and denied on January 4,

20  2005 and the second was filed on July 8, 2005, in the California Supreme Court and denied on

21  June 14, 2006.  (Id.)

22           Respondent notes, however, that petitioner is attempting to circumvent the statute

23  of limitations by claiming that: he was impeded from filing a timely notice of appeal in state

24  court; he should have had fifteen months from the date his conviction in state court became final

25  to file his federal petition; and the trigger date of the limitations period under 28 U.S.C.

26  §2244(d)(1)(D) should be delayed because the "factual predicate" for his claims was not

1   discovered until December of 2004 and could not have been discovered sooner through the

2   exercise of due diligence.  (Id.)  Respondent argues that petitioner's contentions do not withstand

3   scrutiny and should be rejected.  (Id.)

4           First, respondent argues that any inability to file a timely appeal due to alleged

5   impediments, including lockdowns, inaccurate advice from attorneys, and diminished mental

6   capacity, does not delay the running of the limitations period nor does it provide a basis for

7   statutory tolling.  (Resp't's Reply at 2.)

8           Respondent argues that even if petitioner was on lockdown during the sixty-day

9   period in which to file a timely appeal, it is clear that any such lockdown did not prevent him

10  from purchasing stamps or obtaining envelopes as he claims.  (Resp't's Reply at 3.)  Respondent

11  points to the fact that on October 14, 2003, less than one month after he was convicted, petitioner

12  sent a letter to the Sacramento County Superior Court raising nearly identical claims to those he

13  presents in this court.  (Lodged Doc. 1.)  Respondent contends that this letter demonstrates that

14  petitioner was able to file a timely state court appeal if he had chosen to do so.   (Resp't's Reply

15  at 3.)[1]

16          Respondent also argues that any inaccurate advice petitioner allegedly received

17  from his trial attorney did not affect his ability to file a timely appeal.  Specifically, the advice

18  petitioner allegedly received was in a letter dated January 16, 2004, nearly two months after the

19  time to file a timely notice of appeal had expired.  (Resp't's Reply at 2.)  In addition, respondent

20  notes that petitioner's trial counsel explained in the letter that he had not been retained to pursue

21  an appeal or to file a habeas corpus petition on petitioner's behalf.  (Id.)  Respondent also argues

22  that petitioner was not entitled to the effective assistance of counsel in obtaining post-conviction

23  review.  (Id.)  Lastly, respondent contends that petitioner's trial counsel was not attempting to

24

25          [1]  Respondent contends that this same letter establishes that petitioner had the mental
    faculty to identify legal claims and was in fact cognizant of the claims upon which he now seeks
26  to challenge his state court conviction. (Resp't's Reply at 3.)

                                                7

1   coerce petitioner into abandoning any challenge to his conviction when he informed him that the

2   prosecutor would not return his property until he retracted his desire to challenge the plea.

3   Rather, trial counsel was merely accurately informing petitioner that, although his time to file an

4   appeal had expired, he could attempt to challenge his judgment by way of a petition for writ of

5   habeas corpus but that until those matters were resolved, the prosecutor would retain all evidence

6   relevant to the case.  (Id.)

7            Respondent next argues that petitioner appears to mistakenly be trying to add an

8   additional ninety days to the one-year AEDPA limitations period by relying on U.S. Supreme

9   Court Rule 13 which provides that "a petition for a writ of certiorari to review a judgment in any

10  case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the

11  Clerk of this Court within 90 days after entry of the judgment."  Respondent points out that,

12  because petitioner did not file a petition for review with the California Supreme Court, the rule is

13  inapplicable to any issue before this court.

14           Finally, respondent contends that petitioner provides no argument with respect to

15  why he was allegedly unable to discover the factual predicate for his claims at the time of his

16  sentencing in state court.  (Resp't's Reply at 4.)  Respondent notes that, as the Ninth Circuit has

17  held, the AEDPA statute of limitations begins to run when the predicate facts are known and not

18  when their legal significance is discovered.  (Id.)  In his federal petition, petitioner contends: (1)

19  he was incompetent to enter a plea; (2) his trial counsel had a conflict of interest in that their

20  $50,000 retainer agreement provided for a flat fee and that it was in his attorney's best financial

21  interest to conclude the case without a trial; and (3) he received ineffective assistance because his

22  counsel failed to request a competency hearing, failed to correct the errors in the probation report,

23  and improperly advised him to change his plea.  (Id. at 4-5.)  Respondent argues, however, that

24  all of these facts were apparent to petitioner at the time of his criminal proceedings.  (Id. at 5.)

25  Moreover, respondent contends that each of these claims were in fact apparent to petitioner

26  /////

1   himself at the very latest by October 2003, as documented by petitioner's letter at that time to the

2   Sacramento County Superior Court raising them.  (Id.)

3              Accordingly, respondent contends that the petitioner's federal petition is untimely

4   and should be dismissed with prejudice.

5                                              **ANALYSIS**

6   I.  The AEDPA Statute of Limitations

7              On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

8   Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the Constitution
> or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise
> of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

23   28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitations applies to all federal habeas

24   corpus petitions filed after the statute was enacted and therefore applies to pending petition.  See

25   Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

26   /////

9

1   II.  Application of § 2244(d)(1)(A)

2          It is undisputed that petitioner entered a guilty plea in the Sacramento County

3   Superior Court on August 25, 2003.  (Docs. Lodged by Resp't Aug. 2, 2007, Doc. 1.)  It is also

4   undisputed that, on September 22, 2003, the court entered judgment, sentencing petitioner to

5   eighteen years to life in state prison.   (Lodged Docs. 1 & 3; Am. Pet. at 1.)  Petitioner did not

6   appeal his conviction.  Accordingly, the judgment of conviction became final on November 21,

7   2003, upon expiration of the sixty-day period to file a notice of appeal.  Cal. Rules of Court, Rule

8   8.308 (formerly Rule 31).  Petitioner did not file any state petitions seeking collateral relief in the

9   year following November 21, 2003.  Petitioner's filed his first state habeas petition with the

10  Sacramento County Superior Court on November 30, 2004.  (Lodged Doc. 2.)

11         Thus, the AEDPA's one-year statute of limitation ran without interruption from

12  November 22, 2003, until it expired on November 21, 2004.  Petitioner's federal petition was

13  received by the court for filing on April 20, 2007, almost two and a half years after the expiration

14  of the statute of limitations.[2]  The petition before this court is barred by the AEDPA statute of

15  limitations unless petitioner is entitled to either statutory or equitable tolling.

16  II.  Application of §2244(d)(1)(D)

17         Petitioner briefly contends that the AEDPA statute of limitations in his case did

18  not begin to run until long after the state court judgment became final because his habeas claims

19  are based on newly discovered factual predicates that could not have been discovered by him any

20  earlier through exercise of due diligence.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 13.)  In

21  advancing this argument, petitioner does not identify what he believes is the earliest "date on

22  which the factual predicate of the claim or claims presented could have been discovered."  28

23  U.S.C. § 2244(d)(1)(D).

24  /////

25  ────────────────

26  [2]  This was the case despite the fact that the petition was dated April 30, 2007, ten days later than the actual filing date.

10

1        Pursuant to § 2244(d)(1)(D), the one-year period of limitation runs from "the date

2   on which the factual predicate of the claim or claims presented could have been discovered

3   through the exercise of due diligence," if that date is later than the date on which the petitioner's

4   judgment became final.  The language of § 2244(d)(1)(D) requires the court to determine the date

5   on which the petitioner "could have discovered the factual predicate" of his claim, not the date on

6   which the petitioner understood the legal significance of the facts known to him or the date on

7   which he obtained evidence to support his claim.  Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3

8   (9th Cir. 2001) (holding due diligence clock started ticking when the prisoner learned facts that

9   supported a good faith basis for arguing prejudice arising from ineffective assistance of counsel,

10  whether or not the prisoner understood the legal significance of the facts known to him); Owens

11  v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through

12  diligence could discover) the important facts, not when the prisoner recognizes their legal

13  significance."); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998).

14       Petitioner raises the following three grounds for relief in his federal petition: (1)

15  the trial court failed to order or conduct a hearing to determine petitioner's mental competency

16  before he entered a guilty plea; (2) his trial counsel had a conflict of interest as a result of the

17  terms of their retainer agreement; and (3) he was denied his Sixth Amendment right to effective

18  assistance of trial counsel.  (Am. Pet. at i.)  All of petitioner's claims arise from the proceedings

19  in his state court criminal case.  This court concludes that petitioner "could have discovered the

20  factual predicate" for his claims by the time the Sacramento County Superior Court entered

21  judgment and sentenced him on September 22, 2003.  At the latest, it appears that petitioner

22  himself was well aware of the factual predicate for each of his claims in October 2003.  As the

23  State court recognized in denying petitioner's first state habeas petition, "he made nearly

24  identical claims in a letter to Judge Bakarich in October 2003, showing that he was aware of

25  /////

26  /////

11

1  potential claims." (Lodged Doc. 3.)[3]  Petitioner raises these same claims in the petition before

2  this court.  Accordingly, any argument for a delayed commencement of the running of the statute

3  of limitations under § 2244(d)(1)(D) must fail.

4  III.  Application of §2244(d)(2)

5          As respondent correctly points out, neither of petitioner's two state habeas

6  petitions serve to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).  "The time

7  during which a properly filed application for state post-conviction or other collateral review with

8  respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA

9  statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the

10  interval between the date on which a decision becomes final and the date on which the petitioner

11  files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

12  Once state collateral proceedings are commenced, a state habeas petition is "pending" during a

13  full round of review in the state courts, including the time between a lower court decision and the

14  filing of a new petition in a higher court, as long as the intervals between petitions are

15  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

16          However, a petitioner is only entitled to tolling for those time periods during

17  which his "properly filed" state habeas petitions were pending.  See 28 U.S.C. § 2244(d)(2); Pace

18  v. DiGuglielmo, 544 U.S. 408, 414 (2005) (habeas petition rejected by state court as untimely

19  was not "properly filed" for purposes of statutory tolling); Thorson v. Palmer, 479 F.3d 643, 645

20  (9th Cir. 2007).  When a state post-conviction petition is determined to be untimely by a state

21  court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145,

22

23          [3] The court does not have before it a complete copy of the petitioner's letter dated October 22, 2003 to Judge Bakarich.  Although respondent's lodged documents and petitioner's petition and opposition to the pending motion contain certain pages from the letter, it appears that a page or the backside of a page is missing from all versions submitted to this court.  In any event, the court has thoroughly reviewed petitioner's state habeas petitions, his federal petition, and his opposition to the pending motion.  Petitioner has never disputed his submission of the letter, the contents thereof, or the Sacramento County Superior Court's findings that the claims presented in his habeas petition are essentially identical to those set forth in the letter.

1   1148 (9th Cir. 2005) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812

2   (2005)).  <u>See also</u> <u>Carey</u>, 536 U.S. at 226.  In <u>Thorson v. Palmer</u> the Ninth Circuit held that a

3   state habeas corpus petition denied with citation to " the very page of <u>Robbins</u> that sets forth 'the

4   basic analytical framework' governing California's timeliness determinations in habeas corpus

5   proceedings" was a clear ruling that the state petition was untimely and therefore not properly

6   filed.  479 F.3d at 645.  <u>Id.</u>

7               Here, the Sacramento County Superior Court denied petitioner's first petition

8   because it was untimely, citing the decision in <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998).

9   (Lodged Doc. 3.)  Subsequently, the California Supreme Court summarily denied petitioner's

10  second petition.  (Lodged Doc. 5.)  This is an "unexplained orders," i.e., "an order whose text or

11  accompanying opinion does not disclose the reason for the judgment."  <u>Ylst v. Nunnemaker</u>, 501

12  U.S. 797, 802 (1991).  When confronted with a state court's unexplained order, the federal court

13  applies the following presumption:  "Where there has been one reasoned state judgment rejecting

14  a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest

15  upon the same ground."  <u>Id.</u> at 803.  <u>See also</u> <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir.

16  2004).  In applying this look-through presumption, unexplained orders are given no effect.  <u>Id.</u> at

17  804.  This court has "looked through" the California Supreme Court's unexplained order to the

18  Sacramento County Superior Court's order and determined that the state courts found petitioner's

19  first petition to be untimely as a matter of state law.[4]  Under the decisions in <u>Pace</u> and <u>Bonner</u>

20  such a ruling by the state courts is the end of the matter for purposes of determining timeliness

21  under § 2244(d)(2).

22  /////

23  _____

24      [4] Although the Superior Court also addressed the merits of the petition, that is of no
    consequence for purposes of statutory tolling.  <u>See</u> <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th
25  Cir. 2005) ("[n]either does the fact that the superior court also denied Bonner's petition on the
    merits save his petition."); <u>see also</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002) (if a state court
26  rules a delay is unreasonable, that is the end of the matter, regardless of whether the court
    addresses the merits of a claim or whether a timeliness ruling is "entangled" with the merits).

1    Accordingly, in this case petitioner is not entitled to any period of statutory tolling

2    during the pendency of his state habeas petitions.

3    IV.  Equitable Tolling

4    Petitioner contends that a number of circumstances, including prison lockdowns,

5    poor advice of counsel and diminished mental capacity, prevented him from timely filing an

6    appeal and/or his habeas petitions.  The court has construed petitioner's contentions as arguments

7    for equitable tolling of the AEDPA statute of limitations.

8    The Supreme Court has held that, "a litigant seeking equitable tolling bears the

9    burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2)

10   that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408,

11   418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (assuming

12   without deciding that equitable tolling applies to § 2244(d)).  Equitable tolling is unavailable in

13   most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d

14   1104, 1107 (9th Cir. 1999).  In the present case, the court finds that petitioner has failed to

15   demonstrate that he is entitled to equitable tolling.

16   First, petitioner has failed to demonstrate that he has been pursuing his federal

17   claims diligently.  In this regard, petitioner was convicted and sentenced on September 22, 2003.

18   (Lodged Doc. 1.)  Petitioner did not appeal his conviction.  Instead, he waited until November

19   30, 2004, more than a year after his conviction, to file his first state habeas petition.  (Lodged

20   Doc. 2.)  Petitioner was well aware of all the claims he now asserts long before he filed his first

21   state habeas petition.  As noted above, each of petitioner's claims challenge aspects of his state

22   court criminal proceedings.  In addition, he raised nearly identical claims in his 2003 letter to the

23   Sacramento County Superior Court.  (Lodged Doc. 3.)  Four days after the Superior Court denied

24   his first petition, petitioner quickly filed his second petition with the California Supreme Court

25   raising these same claims.  On June 14, 2005, the California Supreme Court summarily denied

26   his petition.  Yet, petitioner waited nearly another year before finally filing his federal petition

1   raising the same claims.  Under these circumstances it cannot be said that petitioner has been

2   pursuing his federal claims diligently.

3          Second, petitioner has not demonstrated that extraordinary circumstances beyond

4   his control made it impossible for him to file a timely federal habeas petition.  Any limitation

5   upon his access to postage materials does not amount to "extraordinary circumstances," when

6   petitioner was able to mail his letter to the Sacramento County Superior Court during the same

7   period he alleges he was unable to obtain postage because the prison where he was incarcerated

8   was on lockdown.  Even assuming arguendo that petitioner did not have access to additional

9   postage materials during the lockdown, that does not explain why petitioner was unable to timely

10  file his habeas petitions once the lockdown was lifted.  In addition, petitioner's contentions

11  regarding his attorney's advice are unsupported.  Petitioner has misconstrued his attorney's letter,

12  which merely explained to petitioner what legal options he could consider pursuing and why the

13  district attorney would retain evidence, including petitioner's property, while legal challenges to

14  his conviction were still contemplated.  (Lodged. Doc. 2, Ex. D.)  Finally, the record reflects that

15  petitioner's mental state did not render him incompetent or unable to timely pursue a federal

16  habeas action.  Petitioner contends that it was not until he filed his first state habeas that he

17  regained sufficient mental faculties to prepare and file the instant petition.  (Pet'r's Opp'n to

18  Resp't's Mot. to Dismiss at 9-10.)  This unsupported allegation is belied by the record before this

19  court.  Petitioner's letter to the Sacramento County Superior Court in October of 2003 raising

20  legal challenges to his conviction and explaining in chronological order the events that occurred

21  during his criminal proceedings, seriously undermine it such a claim.  (Lodged Doc. 3.)  Any

22  mental deficiency petitioner may have suffered from clearly did not limit his ability to timely file

23  a federal petition.  Cf. Laws v. LaMarque, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas

24  petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline,

25  his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline

26  /////

1  should be equitably tolled.").  Accordingly, the court concludes that petitioner is not entitled to

2  equitable tolling.

3          Certainly petitioner has not demonstrated how any of the circumstances he

4  complains about caused him to file an untimely federal habeas petition.  See Gaston v. Palmer,

5  417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "causal connection" between the alleged

6  extraordinary circumstances and the failure to file a timely petition), modified on other grounds

7  by 447 F.3d 1165 (9th Cir. 2006).  Under the circumstances set forth above, petitioner has not

8  met his burden of demonstrating the existence of any extraordinary circumstances which

9  prevented him from filing a timely federal habeas petition and thus entitling him to equitable

10  tolling.

11                              **CONCLUSION**

12          For the reasons set forth above, the court finds that petitioner's federal petition is

13  time-barred.  Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 2, 2007

14  motion to dismiss the petition be granted and this action be dismissed with prejudice.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within ten days after service of the objections.  The parties are advised

21  that failure to file objections within the specified time may waive the right to appeal the District

22  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: December 19, 2007.

24

25                                          /s/ Dale A. Drozd
                                        _____
26  DAD:9                               DALE A. DROZD
    nive0759.157                        UNITED STATES MAGISTRATE JUDGE

                                   16