IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. NIVETTE,

    Petitioner,                    No. CIV S 07-0759 LKK DAD P

    vs.

JAMES A. YATES, Warden,

    Respondents.                 ORDER

                            /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request for a certificate of appealability (Doc. 24), filed on April 7, 2008.

        Petitioner has timely filed a notice of appeal of this court's dismissal of his application for a writ of habeas corpus as barred by the statute of limitations. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

1

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). After careful review of the entire record herein, this court finds that petitioner has satisfied these requirements for issuance of a certificate of appealability in this case.

First, the petitioner has shown that jurists of reason could debate whether this court was correct in its procedural ruling. Petitioner was convicted in state court on September 22, 2003. He did not appeal; consequently, under California law, his conviction became final on November 21, 2003. See California Rule of Court 8.308. Petitioner filed a petition for post-conviction relief in Sacramento County Superior Court on December 9, 2004. This was denied on January 4, 2005. He then filed a petition for a writ of habeas corpus in the California Supreme Court on July 8, 2005. This was denied on June 15, 2006. His habeas corpus petition was filed in this court on April 20, 2007.

Under AEDPA, a person in custody must bring his petition for a writ of habeas corpus within one year of his conviction becoming final, barring an impediment, intervening change in law, or discovery of fact that could not be uncovered earlier, despite petitioner's due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). A properly filed state post-conviction petition tolls this statute of limitations. Id. § 2244(d)(2). Here, because the California Supreme Court determined that his petitions were untimely filed, they did not serve to toll petitioner's statute of limitations under AEDPA. Jurists of reasons could not disagree on this point. See Pace v. DiGuglielmo, 544 U.S. 414 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

Nevertheless, jurists of reason could disagree as to whether the statute of limitations should have been equitably tolled during any of the time from November 21, 2003 to April 20, 2007 based on the petitioner's claimed mental incompetence during this time. Although the court held otherwise in its adoption of the magistrate judge's December 20, 2007 Findings and Recommendations, there is support for petitioner's position. The Ninth Circuit has held that a

1 petitioner's mental incompetence is an "extraordinary circumstance" for which equitable tolling
2 is warranted. See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); Calderon v. United
3 States Dist. Court for Cent. Dist. of Cal., 163 F.3d 530, 541-42 (9th Cir. 1998) cert. denied 526
4 U.S. 1060 (1999), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).
5 Here, the petitioner tendered only minimal evidence of his mental incompetence in support of his
6 argument for equitable tolling, see Declaration of James Nivette in Support of Opposition to
7 Motion to Dismiss, August 22, 2007, at 1, and for this reason the court agreed with the
8 magistrate court's recommendation that the statute of limitations should not be tolled, as there
9 was insufficient evidence of an "extraordinary circumstance." However, in Laws, the Ninth
10 Circuit found a similar amount of evidence -- the petitioner's bare allegation about his mental
11 state during the statute of limitations period -- sufficient to merit further development by the
12 district court. Laws, 351 F.3d at 923-24. The law therefore suggests that jurists of reasons could
13 reach the same conclusion in the instant case.

14 Finally, the petitioner has shown that jurists of reason could conclude that the petition
15 states a valid claim of a denial of a constitutional right. The petitioner alleges a denial of his right
16 to due process under the Fifth and Fourteenth Amendments and his Sixth Amendment right to
17 effective counsel. These claims are valid assertions of a denial of a constitutional right. See
18 Medina v. California, 505 U.S. 437 (1992) (due process right not to be prosecuted while mentally
19 incompetent); Strickland v. Washington, 466 U.S. 668 (1984) (Sixth Amendment right to
20 effective assistance of counsel); Coyler v. Sullivan, 446 U.S. 335 (1980) (Sixth Amendment right
21 to assistance of counsel free from conflict).

22 Accordingly, petitioner's request for a certificate of appealability is GRANTED.
23 IT IS SO ORDERED.
24 DATED: June 16, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3